**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL BRAVO IZARRARAS and CELIA TORRES MORENO, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-71570 <br><br> Agency Nos.    A075-734-587 <br> A075-734-588 <br><br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2013**

Before:     FISHER, GOULD, and BYBEE, Circuit Judges.

Daniel Bravo Izarraras and Celia Torres Moreno, natives and citizens of

Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA")

order denying their motion to reopen removal proceedings. Our jurisdiction is

governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial

---

      \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      \*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010).

We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen where petitioners failed to establish prima facie eligibility for asylum, withholding of removal, or relief under the Convention Against Torture. *See id.* at 986 (agency may deny a motion to reopen based on failure to establish a prima facie case for the relief sought); *Delgado-Ortiz v. Holder,* 600 F.3d 1148, 1151-52 (9th Cir. 2010) (holding that generalized evidence of violence and crime was insufficient to establish eligibility for asylum, withholding, or relief under CAT).

We lack jurisdiction to review the BIA's decision to not exercise its sua sponte authority to reopen removal proceedings. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**